■ EDWARD DI DONNA, Appellant, v. WILLIAM SNYDER et al., Respondents. — HERLIHY, J. The plaintiff in an automobile negligence action appeals from a judgment entered upon a verdict of no cause of action in favor of the owner and operator of one of two automobiles involved in a collision. The plaintiff testified that while the automobile in which he was riding was stopped, waiting for a red traffic signal light to change, it was struck in the rear by the defendants' automobile. Contrary to this contention, the driver of the automobile in which the plaintiff was not a passenger described the accident as follows: " I was going north on Broadway. We reached Livingston Avenue. At the red light we stopped. The light changed green and we continued on. There was a sudden stop and I stopped. The vehicle in front of me started again, and I started and he stopped again, and that's when the accident occurred." The driver of the automobile in which the plaintiff was a passenger, after having his recollection refreshed, identified a statement which gave his version of the accident as follows: " I went through the intersection of Livingston Avenue on the green light. Then when traffic ahead of me stopped, then I stopped. And while I was stopped the car immediately behind me collided squarely with the rear end of my car." In submitting the question of the defendants' negligence to the jury, the court stated that the credibility of all of the witnesses was to be considered. The jury accordingly could disregard the plaintiff's version of the happening of the accident and find that the driver of the defendants' car was not negligent as the court charged, without exception, that as to this phase of the case, the jury could consider whether the driver of the automobile in which the plaintiff was a passenger gave a signal of his intention to make a sudden stop. If the defendants were not negligent, the plaintiff cannot recover. Under the circumstances, we do not reach the issue of injury and damage. Judgment affirmed, without costs. Gibson, P. J., Taylor, Aulisi and Hamm, JJ., concur.

■ In the Matter of the Claim of OWEN T. GILMORE, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— REYNOLDS, J. Appeal by the claimant from a decision of the Unemployment Insurance Appeal Board disqualifying claimant from receiving benefits and ruling that claimant had been overpaid $500, which overpayment was deemed nonrecoverable. The sole question presented on this appeal is the validity of the board's finding that claimant voluntarily left his employment without good cause (Labor Law, § 593, subd. 1). What constitutes " good cause" is factual and thus within the exclusive province of the board if its determination is supported by substantial evidence (Labor Law, § 623; e.g., *Matter of Sperling* [*Catherwood*], 20 A D 2d 584). On the present record the board could properly find that claimant left his employment because he believed he would be laid off in the near future due to the status of the employer's business and that his voluntary separation from employment based on this belief was not premised on good cause; as, indeed, was subsequently demonstrated. Decision affirmed, without costs. Gibson, P. J., Herlihy, Aulisi and Hamm, JJ., concur.